IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

APPLIED CAPITAL, INC.

      Plaintiff,

v.                                                Civil Action No.

THE ADT CORPORATION,
ADT, LLC, and
ICONTROL NETWORKS, INC.,

      Defendants.

## COMPLAINT

The plaintiff, Applied Capital, Inc., brings this action against defendants, The ADT Corporation; ADT, LLC; and iControl Networks, Inc. (collectively "Defendants") for infringing United States Patent No. 8,378,817 ("the '817 patent") and alleges as follows upon information and belief:

## PARTIES

1. Plaintiff, Applied Capital, Inc. ("Applied Capital") is a New Mexico corporation with its principal place of business at 1508 Plaza Encantada NW, Albuquerque, New Mexico 87107.

2. Defendants, The ADT Corporation and ADT, LLC (collectively "ADT") are corporations duly organized and existing under the laws of the State of Delaware with their principal places of business at 1501 Yamato Road, Boca Raton, Florida 33431. ADT may be served through its registered agent The Corporation Trust Company, Corporation Trust Center 1209 Orange St, Wilmington, DE, 19801.

3. Defendant iControl Networks, Inc. ("iControl") is a corporation duly organized and existing under the laws of the State of Delaware and has its principal place of business located at 555 Twin Dolphin Drive, Suite 280, Redwood City, California 94065. iControl may be served through its registered agent Incorporating Services, Ltd., 3500 S. DuPont Hwy., Dover, Delaware, 19901.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United Stated Code. The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

5. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the New Mexico Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in New Mexico.

6. More specifically, Defendants, directly and/or through their intermediaries, ship, distribute, offer for sale, sell, and/or advertise (including the provision of phone apps and interactive web pages) their products and services, at least one of which infringes the '817 patent, throughout the United States and including the State of New Mexico. Defendants solicit customers in the State of New Mexico. Defendants have many paying customers who are residents of the State of New Mexico and who use Defendants' products and services in New Mexico.

7. Venue is proper in this district under 28 U.S.C. §1391 and §1400(b).

## THE SUBJECT PATENT

8. Applied Capital is the owner of all rights, title, and interest in and under United States Patent No. 8,378,817 ("the '817 patent"), titled "Premises Monitoring System" which duly and legally issued on February 19, 2013. A true and correct copy of the '817 patent is attached hereto as *Exhibit A*.

9. The '817 patent is valid and enforceable.

10. All requirements under 35 U.S.C. § 287 have been satisfied with respect to the '817 patent.

## CLAIM ONE - INFRINGEMENT OF THE '817 PATENT

11. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 10, inclusive, as set forth above.

12. ADT has been and continues to infringe, literally and/or under the doctrine of equivalents, the '817 patent by making, using, offering for sale, selling, and/or importing in or into the United States, without authority, instrumentalities and/or services that practice one or more claims of the '817 patent in violation of § 271(a), including, but not limited to the following: ADT Pulse and the ADT Web Portal. *See Exhibit B*.

13. ADT pulse is powered by iControl. *See Exhibit L*

14. iControl has and/or continues to provision servers and/or server side software for the ADT Web Portal. *See Exhibit M*.

15. iControl provisions servers and/or server side software for home monitoring service providers such as Comcast and ADT. *See Exhibit* N.

16. iControl provisions its own servers and/or server side software for the iControl One home monitoring service.

17. The iControl One web portal provides substantially every feature that is provided by the ADT Pulse web portal.

18. iControl has been and continues to infringe, literally and/or under the doctrine of equivalents, the '817 patent by making, using, offering for sale, selling, and/or importing in or into the United States, without authority, instrumentalities and/or services that practice one or more claims of the '817 patent in violation of § 271(a), including, but not limited to the following: iControl One and the ADT Web Portal. *See Exhibit B*.

19. ADT has been and continues to infringe, literally and/or under the doctrine of equivalents, the '817 patent by receiving one or more signals containing a device identifier and a device condition from one or more remote alarm monitoring systems; retrieving enhanced information based on the device identifier and the device condition; determining one or more communication methods and communication destinations based on the device identifier and the device condition; and dispatching the enhanced information to the one or more communication destinations using the one or more communication methods; and wherein the retrieving enhanced information based on the device identifier and the device condition comprises retrieving images based on the device identifier and the device condition, the images comprising all of the members selected from the group consisting of superimposed visual indicators, hierarchically organized graphical images, and vector-based graphical images. *See Exhibit B*.

20. Upon information and belief, Defendants practice all the steps of one or more of the claims of the '817 patent either alone or as the "mastermind" directing or controlling the actions and/or participation of each other defendant and/or any third parties.

21. ADT had knowledge of the '817 patent no later than April 15, 2015 when James M. Scott, President of Applied Capital, discussed the patent with Raymond North, ADT's director of

platform services, and provided Mr. North with a two page summary of the '817 patent. On or about April 20, 2015, Mr. Scott emailed a copy of the patent to Mr. North. In responsive emails, Mr. North confirmed receipt and alleged that ADT had analyzed the '817 patent and was not interested in it. *See Exhibit I.*

22. iControl had knowledge of the '817 patent no later than April 15, 2015 when James M. Scott, President of Applied Capital, discussed the patent with Paul Dawes of iControl and provided Mr. Dawes with a two page summary of the '817 patent. On or about May 8, 2015, Mr. Scott telephonically discussed the '817 patent with Mr. Dawes and iControl's General Counsel. *See Exhibit I.*

23. Defendants have at no time, either expressly or impliedly, been licensed under the '817 patent.

24. Plaintiff, Applied Capital, has no adequate remedy at law against Defendants' acts of patent infringement. Unless Defendants are permanently enjoined from their unlawful and willful infringement of the '817 patent, Applied Capital will suffer irreparable harm.

25. As a direct and proximate result of Defendants' acts of patent infringement, Applied Capital has been, and continues to be, injured, and has sustained, and will continue to sustain, substantial damages. Under 35 U.S.C. §281, Plaintiff Applied Capital shall have a remedy for Defendants' infringement of the '817 patent by virtue of this lawsuit, and shall be entitled to an award of damages adequate to compensate for Defendants' infringement of the '817 Patent; but in no event, less than a reasonable royalty for the use and/or sale of its invention made by Defendants, together with interest and costs as fixed by the Court under 35 U.S.C. §284.

26. Plaintiff, Applied Capital, has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute demonstrate an

exceptional case within the meaning of 35 U.S.C. §285, and therefore, Plaintiff, Applied Capital, is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## REQUEST FOR RELIEF

Plaintiff, Applied Capital, respectfully requests that judgment be entered in its favor against Defendants The ADT Corporation; ADT, LLC; and iControl Networks, Inc., and respectfully requests that this Court grant it the following relief:

a) Declare Plaintiff Applied Capital exclusively owns the '817 patent;

b) Declare the '817 patent is valid and enforceable;

c) Declare that Defendants The ADT Corporation; ADT, LLC; and iControl Networks, Inc. are liable for past and present infringement, both literally and under the doctrine of equivalents, of the '817 patent;

d) Award damages to Applied Capital to which it is entitled for Defendants' infringement of the '817 patent;

e) Enter an injunction permanently enjoining Defendants from infringement of the '817 patent;

f) Award Applied Capital its expenses, costs, and attorneys' fees pursuant to 35 U.S.C. § 285;

g) Award interest on Applied Capital's damages as well as the costs incurred in pursuing this action; and

h) Award in favor of Plaintiff and against Defendants such other relief as the Court deems just and proper.

## JURY DEMAND

In accordance with Federal Rules of Civil Procedure 38 and 39, Plaintiff asserts its right under the Seventh Amendment of the United States Constitution and demands a trial by jury on all issues so triable.

Dated July 13, 2016

Respectfully Submitted,

**Ortiz and Lopez, PLLC**

*Electronically Filed*
By: /s/ Richard Krukar
Richard Krukar
Luis M. Ortiz
Attorney for the Plaintiff
Ortiz and Lopez, PLLC
117 Bryn Mawr Dr. SE, Suite 101
Albuquerque, NM 87106
Telephone: 505-314-1310
Facsimile: 505-314-1307