IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

APPLIED CAPITAL, INC.,

    Plaintiff,

vs.                                                                     CIV 16-815 JFB/SCY

THE ADT CORPORATION and
ADT LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANTS' MOTION TO STRIKE

THIS MATTER comes before the Court on "Defendants' Motion to Strike Portions of Deposition Errata Sheets of Dr. Jun Zheng and Keiko Hikino," filed June 3, 2020. Docs. 218, 219-1. Plaintiff filed a response on June 17, 2020, Doc. 228, and Defendants filed a reply on July 1, 2020, Docs. 231, 232-1. In February, Defendants took the depositions of two of Plaintiff's experts, Keiko Hikino and Dr. Jun Zheng. Following the deponents' review of their deposition transcripts, Plaintiff served errata sheets on behalf of Ms. Hikino and Dr. Zheng.[1] Defendants now move to strike a number of the corrections contained in the errata sheets, arguing that the corrections seek to make impermissible substantive material changes to the deposition testimony.

---

[1] In their motion, Defendants argue that Ms. Hikion's errata sheet was untimely. Doc. 219-1 at 1, 7. Plaintiff responds that it received Ms. Hikino's deposition transcript on March 9, 2020 and on April 6, 2020, less than thirty days after receipt of the transcript, Plaintiff served the errata sheet on defense counsel. Doc. 228 at 1. Plaintiff further attaches an affidavit from the relevant court reporting service averring that, although the transcript was ready before March 9, Plaintiff was not so notified. As a result, in reply, Defendants withdraw their timeliness argument. Doc. 231 at 6 n.4.

1

Doc. 218, 219-1; *see also* Docs. 219-3, 219-4, 229-1, 232-4, 232-4 (table of corrections Defendants seek to strike).[2]

Federal Rule of Civil Procedure 30(e) requires that "[o]n request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which . . . if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Although the rule generally allows for "changes in form or substance," the Tenth Circuit in an unpublished decision commented that it has "adopted a restrictive view of the changes that can be made pursuant to Rule 30(e), and takes[s] a dim view of substantive alternation of deposition testimony." *BancFirst ex rel. Estate of M.J.H. v. Ford Motor Co.*, 422 F. App'x 663, 666 (10th Cir. 2011). In a published decision, quoting a Western District of Louisiana case, the Tenth Circuit condemned "material changes to deposition testimony," explaining that

> [t]he purpose of Rule 30(e) is obvious. Should the reporter make a substantive error, i.e., he reported "yes" but I said "no," or a formal error, i.e., he reported the name to be "Lawrence Smith" but the proper name is "Laurence Smith," then corrections by the deponent would be in order. The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.

*Garcia v. Pueblo Cty. Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002) (quoting *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992)).

Accordingly, when reviewing a deposition correction, the district court must first determine if the correction is material. If it is, the Tenth Circuit instructs courts to evaluate

---

[2] With the Court's permission, the tables are sealed because they contain sensitive business, financial, and technical information subject to the parties' protective order. *See* Docs. 219, 225, 229, 230, 232, 233.

material corrections the same as sham affidavits, by considering three factors: "whether the affiant [or deponent] was cross-examined during his earlier testimony, whether the affiant [or deponent] had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit [or correction] was based on newly discovered evidence, and whether the earlier testimony reflects confusion which the affidavit [or correction] attempts to explain." *Burns v. Bd. of Cty. Comm'rs of Jackson Cty.*, 330 F.3d 1275, 1282 (10th Cir. 2003) (citing *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986)); *see also Boyd v. Home Depot, Inc.*, No. 11-CV-03129-WYD-KLM, 2013 WL 394187, at *4 (D. Colo. Jan. 31, 2013) (declining to address the *Burns* factors after finding that the deposition corrections at issue were not material).

Here, determining materiality for each of the 100 corrections at issue in the abstract, however, is a more difficult task than determining materiality in the context of a summary judgment motion when the "corrected" statement is at issue. Not surprisingly, then, most of the above-cited case law arises in the context of summary judgment. *See, e.g.*, *BancFirst*, 422 F. App'x at 664; *Burns*, 330 F.3d 1275 at 1278; *Garcia*, 299 F.3d at 1235; *see also Fierro v. Mesa Verde Enter., Inc.*, 244 F. Supp. 3d 1152, 1157, 1159 n.1 (D.N.M. 2007). In such instances, the court was able to determine the materiality of a correction in the context of the evidence presented for summary judgment. Such is the not situation here. In this case, the corrected deposition testimony is not cited in the pending motions for summary judgment. *See* Doc. 232-1 at 2 n.2.

Rather, Defendants are concerned about how the corrections will impact trial testimony. *See* Doc. 232-1 at 2 n.2. However, the deposition testimony of Ms. Hikino and Dr. Zheng will be less of an issue at trial because they are both expected to testify in person rather than through their deposition testimony. *See Sec. & Exch. Comm'n v. Goldstone*, No. CIV 12-0257 JB/LFG,

2016 WL 3135651, at *40 n.24 (D.N.M. May 10, 2016) (questioning whether "it makes sense to require district courts to determine whether specific proposed changes to a deposition transcript are 'material' after the summary judgment stage."). Moreover, the original answers of Ms. Hikino and Dr. Zheng will remain available for use on cross-examination, notwithstanding the denial of Defendant's present motion. *See, e.g.*, *Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 103 (2d Cir. 1997) ("when a party amends his testimony under Rule 30(e), the original answer to the deposition questions will remain part of the record and can be read at the trial. Nothing in the language of Rule 30(e) requires or implies that the original answers are to be stricken when changes are made. This Court has recognized that because any out-of-court statement by a party is an admission a deponent's original answer should be admitted into evidence even when he amends his deposition testimony—with the deponent of course . . . free to introduce the amended answer and explain the reasons for the change.") (internal quotations and citations omitted); *Shinwari v. Raytheon Aircraft Co.*, 215 F.3d 1337, at *7 (10th Cir. 2000) (unpublished table decision) (overruled on different grounds by *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268 (2001)) (holding that "permitting deposition corrections does not render previous testimony inadmissible," and that "the original answer to the deposition questions will remain part of the record and can be read at trial."); *Fullbright v. State Farm Auto Ins. Co.*, No. CIV-09-297-D, 2010 WL 455179, at *2 n.2 (W.D. Okla Feb. 2, 2010) (unpublished) ("Even where material changes are permitted, however, the original answers remain a part of the record and can be used to impeach the witness at trial.").

The Court is reluctant to make a blanket ruling, striking all corrections when it is not clear what corrections will be material at trial.[3] Additionally, because the parties dispute such a large number of corrections, it is not an efficient use of the Court's time to review each correction one-by-one and predict, outside the context of a summary judgment motion or trial, whether the change is material.

For these reasons, the Court **DENIES** Defendants' Motion to Strike Portions of Deposition Errata Sheets of Dr. Jun Zheng and Keiko Hikino (Doc. 218).

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] To be clear, the Court is not ruling that the corrections are proper or improper for the purposes of the pending pretrial motions. Should the corrections come up in any of the pending pretrial motions, the presiding judge will address the materiality of the correction for that motion.